UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARK H.,

                                    Plaintiff,                          DECISION AND ORDER

                                                                        19-CV-1207L

                    v.

ANDREW SAUL,
Commissioner of Social Security,

                                    Defendant.

_____


        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security

("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the

Commissioner's final determination.

        On February 13, 2013, plaintiff, then forty-four years old, filed an application for

supplemental security income ("SSI"), alleging an inability to work since May 15, 2012.

(Administrative Transcript, Dkt. #6 at 64). That application was initially denied. The plaintiff

requested a hearing, which was held December 18, 2014 before administrative law judge ("ALJ")

Robert T. Harvey. The ALJ issued an unfavorable decision on February 5, 2015, finding plaintiff

not disabled. (Dkt. #6 at 64-78). Plaintiff exhausted his administrative remedies and commenced

an action in this Court (16-CV-0768) to appeal the Commissioner's denial of benefits. On August

25, 2017, the parties stipulated to remand the matter for further proceedings, to include updating

the record, reconsidering the medical opinion evidence, and obtaining testimony from a medical

expert. (Dkt. #6 at 594, 705).

A new hearing was held on April 18, 2019 before ALJ Stephen Cordovani, at which impartial medical expert Dr. Ann Frea, vocational expert Deanna Olah, and plaintiff, all testified. On May 10, 2019, the ALJ issued a partially favorable decision, finding that plaintiff met the medical requirements for SSI as of October 9, 2018, but found plaintiff "not disabled" prior to that date. (Dkt. #6 at 566-72, 594-607). Plaintiff appealed directly to this Court. (Dkt. #6 at 582). *See* § 404.984 ("when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand…").

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #14), and the Commissioner has cross moved (Dkt. #16) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records relating to peripheral arterial disease (poor circulation, particularly in the limbs) with claudication (pain or cramping in the legs due to poor blood circulation), myelitis (spinal cord inflammation), degenerative disc disease of the cervical spine, bipolar disorder, anxiety disorder, recurrent and severe major depressive disorder, social anxiety disorder with panic attacks and compulsive disorder, which the ALJ

2

concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #6 at 597).

In applying the special technique for mental impairments, the ALJ found that plaintiff has a moderate limitation in understanding, remembering or applying information, a moderate limitation in social interaction, a moderate limitation in concentration, persistence and pace, and a moderate limitation in adapting and managing himself.

On consideration of the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the ability to stand and walk for up to two hours in an eight-hour workday, but with no continuous standing or walking for more than 15-20 minutes without at least 30 minutes of seated activity. Plaintiff can no more than occasionally operate foot controls, bend, stoop, squat, or climb ramps or stairs. He can never kneel, crouch, or crawl, or climb ladders, ropes or scaffolds. Plaintiff cannot work around unprotected heights or in extremely cold temperatures. He can understand, remember and carry out simple instructions and tasks, and is limited to a low stress work environment, reflected by simple unskilled work. He cannot perform a job requiring supervisory duties, independent decision making, strict production quotas, or more than minimal changes in work routines and processes. Finally, he can have no more than occasional interaction with supervisors and coworkers, and no more than incidental interaction with the general public. (Dkt. #6 at 599).

When provided with this RFC as a hypothetical at the hearing, the vocational expert testified that such an individual could perform the representative sedentary, unskilled positions of final assembler and table worker. (Dkt. #6 at 606).

The ALJ accordingly found plaintiff not disabled from the alleged onset date of May 15, 2012 through October 8, 2018, after which his age category changed, directing a finding of

disability by application of the Medical-Vocational Guidelines beginning October 9, 2018. (Dkt. #6 at 607). Plaintiff appeals the unfavorable portion of that decision, for the time period between May 15, 2012 through October 8, 2018.

## I.    Treating Source Opinions

Plaintiff first argues that the ALJ erred when he failed to apply the treating physician rule to the opinions of plaintiff's treating cardiovascular surgeon, Dr. David B. DiMarco, and treating psychologist, Dr. Daniel S. Woodruff, and failed to give proper weight to the opinion of treating mental health counselor Tammy Davis.

With respect to the opinions of Dr. DiMarco and Dr. Woodruff, it is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and [is] not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d).[1] Similar factors govern the ALJ's analysis of "other source" opinions. *See Gregory F. v. Commissioner*, 2020 U.S. Dist. LEXIS 229384, *4-*5 (W.D.N.Y. 2020).

Further, the ALJ must articulate his reasons for the weight he assigns to the medical opinions of record. *See Shaw*, 221 F.3d at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir.

---

[1]   Changes to the Administration's regulations regarding the consideration of opinion evidence eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. For the purposes of this appeal, however, the prior version of the regulation applies.

4

1999). An ALJ's failure to apply the treating physician rule factors, and/or to give good reasons for the weight assigned to medical opinions of record, is typically reversible error.

Dr. DiMarco's March 7, 2013 opinion consisted of a cursory form that indicated that plaintiff was not seriously socially impaired, but had a "marked" restriction in daily activities, could not "put any pressure" on his legs, and was "unable" to do any kind of work. (Dkt. #6 at 381-82). Dr. Woodruff opined on December 3, 2014 that due to obsessive thinking, depressive symptoms, social difficulties and manic episodes, plaintiff "has a difficult time keeping steady employment . . . and may benefit from a supplemental income until he can make more progress." (Dkt. #6 at 515-17). On October 9, 2013, Ms. Davis stated that plaintiff was being treated for bipolar disorder and "is unable to maintain employment due to his level of symptoms . . . [plaintiff] states that . . . his mental condition [is] a factor for inability to work." (Dkt. #6 at 469-70).

The ALJ assigned "little" weight to these opinions, first noting that Dr. DiMarco's and Ms. Davis's "go to the ultimate issue of disability, which is reserved for the Commissioner," and that Dr. DiMarco's opinion that plaintiff could not put any pressure on his legs was inconsistent with the plaintiff's own report, 10 days later, that he lives alone and that his regular activities include doing laundry, shopping, and going out every day. (Dkt. #6 at 603). The ALJ likewise found Dr. Woodruff's opinion entitled only to "little" weight, as it was "vague" and lacked a function-by-function analysis, in addition to being inconsistent with other evidence of record, including the opinions of other physicians.

The ALJ's assessment of these opinions, including their lack of specificity and their inconsistency with the medical evidence of record, was not erroneous. Initially, the ALJ was correct in noting that an opinion that a plaintiff is disabled, even when rendered by a treating

physician, is entitled to no weight, "since the ultimate issue of disability is reserved for the Commissioner." *Taylor v. Barnhart*, 83 Fed. App'x 347, 349 (2d Cir. 2003)(unpublished opinion).

Furthermore, the ALJ's consideration of plaintiff's self-reported activities which included ambulating outside of the house daily, in assessing their consistency with the dramatic limitations suggested by Dr. DiMarco (such as inability to put any "pressure" on the legs), was entirely appropriate. *See Tricario v. Colvin*, 681 Fed. App'x 98, 100-101 (2d Cir. 2017)(ALJ appropriately considered plaintiff's daily activities in assessing medical opinion evidence)(unpublished opinion); *Krull v. Colvin*, 669 Fed. App'x 31, 32 (2d Cir. 2016)(ALJ properly considered plaintiff's ability to perform daily activities in weighing treating source opinion)(unpublished opinion).

The ALJ's observation that the rejected opinions were inconsistent with those of the consulting and reviewing physicians is also supported by the record. Consulting internist Dr. Samuel Balderman, whose opinion the ALJ gave "significant" weight, examined plaintiff on April 11, 2013, three weeks prior to Dr. DiMarco's opinion that plaintiff cannot bear weight on his legs. Dr. Balderman found that plaintiff's gait, squat, strength, reflexes and dexterity were entirely normal, with the only abnormal finding being slight cyanosis (bluish discoloration suggestive of poor blood circulation) and "slight sensory" diminishment in both feet. Dr. Balderman opined that plaintiff had a "marked" limitation in standing, walking, climbing and carrying. (Dkt. #6 at 402-404). Consulting psychiatrist Dr. Yu-Ying Lin, whose opinion was also given "significant" weight, examined plaintiff the same day, and opined that plaintiff was mildly limited in attention and concentration, moderately limited in performing complex tasks independently and making appropriate decisions, moderately limited in social interaction, and moderately-to-markedly limited in dealing appropriately with stress. (Dkt. #6 at 398-401). Medical expert Dr. Frea, who reviewed the entire record and testified at the hearing with respect to plaintiff's exertional RFC,

opined that plaintiff could stand and walk for up to two hours in an eight-hour day with a 30-minute break of seated activity after standing or walking for 15-20 minutes, could no more than occasionally operate foot controls, kneel, crouch, crawl, stoop, squat, or climb stairs, and could never climb ladders or be exposed to unprotected heights. (Dkt. #6 at 643-49).

The RFC determined by the ALJ accounted for the limitations identified by these physicians, which were well supported by the evidence of record, including plaintiff's treatment notes and surgical records. As such, I find that the ALJ's discounting of the opinions of treating sources on the grounds that they were vague and conclusory, as well as contradicted by substantial evidence of record, including plaintiff's self-reported daily activities and the opinions of consulting physicians and the reviewing medical expert, was appropriate, and that the reasons furnished by the ALJ for declining to credit them were "good reasons." *See Snyder v. Colvin*, 667 Fed. App'x 319, 320 (2d Cir. 2016)(in considering whether a treating physician's opinion is "contradicted by substantial evidence," a consulting physician's report may constitute such evidence)(citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)). *See generally Monroe v. Commissioner*, 676 Fed. App'x. 5, 7-9 (2d Cir. 2017)(unpublished opinion).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of reversible legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #14) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        February 3, 2021.